IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |  |
|---|---|---|
| CHRISTOPHER BUNNELL, | * | |
| *On behalf of and as member of* | * | |
| *OpenOnward, LLC*, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CIVIL NO.: WDQ-14-1892 |
| | * | |
| CARLO RAGO, Jr., *et al*., | * | |
| | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Christopher Bunnell, on behalf of, and as a member of, OpenOnward, LLC ("OpenOnward"), sued Carlo Rago, Jr., and others[1] (collectively, the "defendants") in a multi-count derivative complaint in the Circuit Court for Baltimore City. ECF No. 2.[2] Duchenne removed the suit to this Court. ECF No. 1. Pending are the Alliance defendants' motions to dismiss the original and first amended complaint, ECF Nos. 18, 26, Bunnell's motion for

---

[1] The Duchenne Alliance ("Duchenne"), the Jett Foundation ("Jett"), and Christine McSherry, Director of Duchenne and Jett, (collectively, the "Alliance defendants"), are also named as defendants. ECF No. 2. OpenOnward is listed as a party, with Rago as its resident agent. *See id*. ¶ 6.

[2] Bunnell alleges the following derivative actions: breach of contract as to Rago (Count One), and violation of the Maryland Uniform Trade Secrets Act ("MTSA"), Md. Code Ann., Com. Law §§ 11-1201, et seq., (West 2010) (Count Two), injunctive relief under the MTSA (Count Three), and misappropriation of trade secrets under the MTSA (Count Four), as to the defendants. *Id*.

default judgment as to Rago, ECF No. 29, and Rago's motion to dismiss the first amended complaint, ECF No. 34.  No hearing is necessary.  Local Rule 105.6 (D. Md. 2014).  For the following reasons, the Court lacks subject matter jurisdiction, and will remand the suit to the Circuit Court for Baltimore City.

I.   Background[3]

Bunnell is a software developer specializing in healthcare technology.  ECF No. 2 ¶ 10.  Rago is a cellular and molecular scientist.  *Id.* ¶ 11.  In late 2010, Bunnell and Rago founded OpenOnward "to create software solutions . . . that would allow scientists to post protocols, or detail[ed] notes of plans of experiments, online, for use and review by other scientists." *Id.* ¶¶ 12-13, 16.[4]  OpenOnward's operating agreement provided that "merger, consolidation[,] . . . business combination[,] . . . sale[,] or other disposition of substantially all the assets

---

[3] When, as here, a complaint is amended after removal, the propriety of removal is determined according to the original complaint.  *Pinney v. Nokia, Inc.*, 402 F.3d 430, 443 (4th Cir. 2005); *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir. 1988).  Accordingly, the facts are from the original complaint.  ECF No. 2.

[4] Rago originally held a 56 percent membership share, Bunnell held 17 percent, Shelly Batts held 10 percent, and Anindo Bandyopadhyay, Bunnell's colleague, held 10 percent.  *Id.* ¶ 16. Bunnell later bought Batts's share, giving him a 27 percent membership share.  *Id.*

of the LLC" required a supermajority--66 percent--vote.  *Id*.
¶ 30.[5]

After Bunnell and Rago founded OpenOnward, Rago sought to
develop "a system to streamline access to specific types of
scientific research and funding through web-based portals and
databases" to assist David Schultz, whose son has Duchenne
Muscular Dystrophy.[6]  *Id*. ¶¶ 17-18.  Schultz is the head of
Ryan's Quest, which is part of Duchenne, "an unincorporated
organization of corporate entities, working together for common
business interests."  *Id*. ¶¶ 19, 21.[7]  Rago asked Bunnell to
assist him, "as members of OpenOnward," to develop a new system
called the "Duchenne Dashboard."  *Id*. ¶ 24.

On March 18, 2011, OpenOnward began discussions with
Duchenne "to solicit investment in OpenOnward" for the Duchenne
Dashboard's development.  *Id*. ¶ 25.  In the spring of 2011, Jett
and Ryan's Quest, among others, gave OpenOnward a $65,000 grant.
*Id*. ¶ 26.

---

[5] The operating agreement also provided that each member "assigns
and transfers to [OpenOnward] . . . all of such [m]ember's
rights, title[,] and interest in and to Intellectual Property
which such [m]ember invents, discovers, originates[, . . . and]
develops . . . on and after the date hereof."  *Id*. ¶ 31.

[6] Duchenne Muscular Dystrophy "causes muscle degeneration and
death in young males."  *Id*. ¶ 18.

[7] Jett is also part of Duchenne.  *Id*. ¶ 22.

In May 2011, Bunnell and Rago submitted a provisional patent application to the U.S. Patent and Trademark Office for a "method and system for data management and development-cycle optimization" that listed the Duchenne Dashboard among its Intellectual Property. *Id.* ¶¶ 27-28. The application lists Bunnell and Rago as inventors. *Id.* ¶ 29.

In March 2012, Duchenne published a news release that announced its partnership with OpenOnward and "the mass implementation of the Duchenne Dashboard." *Id.* ¶ 33 (emphasis omitted). OpenOnward had agreed to grant Duchenne members "access to some of [its] Intellectual Property," including the Duchenne Dashboard. *Id.* ¶ 35. In October 2012, Rago "admitted that he had granted a license to [Duchenne]." *Id.* ¶ 36. However, OpenOnward was not compensated for the license. *Id.*[8]

As of October 31, 2012, "the [Duchenne] Dashboard [had] generated or facilitated" about $6,000,000 in funding. *Id.* ¶ 41. In 2013, Rago became a salaried employee of Duchenne; "as a term and condition of his employment," Rago had to provide it "with full access to OpenOnward technology . . . without any compensation to OpenOnward." *Id.* ¶¶ 37-38. In May 2013, Bunnell demanded access to OpenOnward's records, which Rago refused. *Id.* ¶ 40.

---

[8] Bunnell had lent to OpenOnward about $5,000 in operating capital, and contributed about 1,000 hours to software development. *Id.* ¶ 39.

On April 23, 2014, Bunnell, as a member of, and on behalf of, OpenOnward, sued Rago and the Alliance defendants in the Circuit Court for Baltimore City, for breach of contract and MTSA violations. ECF No. 2. On June 11, 2014, Duchenne removed the suit to this Court. ECF No. 1. As the basis for removal, Duchenne relied on the Court's diversity jurisdiction under 28 U.S.C. § 1332.[9]

On July 9, 2014, the Alliance defendants moved to dismiss the complaint for failure to state a claim. ECF No. 18. On July 28, 2014, Bunnell opposed the motion, and, that day, filed an amended complaint. ECF Nos. 24, 25.

On August 14, 2014, the Alliance defendants moved to dismiss the amended complaint as frivolous and for failure to state a claim. ECF No. 26. On September 2, 2014, Bunnell opposed the motion.[10]

---

[9] Section 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(2012). In the Notice of Removal, Duchenne stated that Bunnell is a citizen of Maine, Rago is a citizen of Maryland, McSherry is a citizen of Massachusetts, Duchenne is a New York corporation, and Jett is a Massachusetts corporation. ECF No. 1 ¶¶ 4-5. Duchenne did not address the citizenship of OpenOnward. *See id.*; *see also* ECF No. 2 ¶ 6 (listing OpenOnward as a party).

[10] On September 19, 2014, the Alliance defendants replied to Bunnell's opposition to the motion to dismiss. ECF No. 32.

On September 11, 2014, Bunnell moved for default judgment against Rago for failing to timely respond to the original complaint. ECF No. 29. On September 29, 2014, Rago opposed the motion. ECF No. 33.[11] That same day, Rago moved to dismiss the complaint for failure to state a claim. ECF No. 34. On October 17, 2014, Bunnell opposed the motion. ECF No. 37.[12]

II. Analysis

A.   Legal Standard for Subject Matter Jurisdiction

The Court begins, "as [it] must in a diversity case, by examining the basis for jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 460 (4th Cir. 1999); *see also Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) ("[Q]uestions of subject-matter jurisdiction may be raised . . . *sua sponte* by the court."); *State v. Ivory*, 906 F.2d 999, 1000 (4th Cir. 1990) (*sua sponte* reversing district court's judgment on the merits for lack of subject matter jurisdiction, and remanding with instructions to remand to state court).[13] The removing party has the burden of proving subject matter

---

[11] On October 17, 2014, Bunnell replied to Rago's opposition to the motion for default judgment. ECF No. 36.

[12] Rago's reply was due on November 3, 2014; as of this date, he has not replied. *See docket*.

[13] *See also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 62 (1996).

jurisdiction. *Md. Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255, 260 (4th Cir. 2005). Because removal raises "significant federalism concerns," the removal statutes must be strictly construed, and all doubts must be resolved in favor of remanding the case to state court. *Id.*

B.    The Court's Subject Matter Jurisdiction

Bunnell purports to act on behalf of OpenOnward-- derivatively. *See* ECF No. 1 at 9-13. Bunnell alleges that Rago breached OpenOnward's operating agreement when he granted Duchenne access to its Intellectual Property, thereby depriving OpenOnward of "at least $400,000 per year" in licensing fees. ECF No. 1 ¶¶ 51-52. Bunnell further alleges that the defendants' MTSA violations caused OpenOnward to lose revenue to the point of "effective[] bankrupt[cy]" and resulted in "unjust enrichment to the [d]efendants," and seeks an injunction[14] barring further misappropriation of OpenOnward's Intellectual Property. *Id.* ¶¶ 60-61, 66-68, 74-76.

In a derivative action, "the claim[s] pressed by the stockholder . . . [are] not his own but the corporation's. . . . [i]t is the real party in interest." *Ross v. Bernhard*, 396 U.S. 531, 538 (1970) (internal quotation marks and citation omitted). As explained above, Bunnell seeks to enforce OpenOnward's legal

---

[14] Alternatively, Bunnell seeks provisional royalties while this suit is pending. ECF No. 1 ¶ 68.

rights to licensing fees and the protection of its trade secrets; thus, the Court is not free to disregard OpenOnward's citizenship. *See Gen. Tech. Applications, Inc. v. Exro Ltds*, 388 F.3d 114, 120 (4th Cir. 2004)(legal right to litigation proceeds from patent-infringement suit belonged to the limited liability company ("LLC") on whose behalf the action was brought);[15] *see also Racetime Investments, LLC v. Moser*, No. 3:12CV860-HEH, 2013 WL 987834, at *2 (E.D. Va. Mar. 8, 2013) (derivative claims of unjust enrichment and breach of contract "clearly belong[ed]" to the LLC on whose behalf the action was brought).

An LLC is a citizen of the states of which its members are citizens. *See Gen. Tech. Applications, Inc.*, 388 F.3d at 120. Thus, OpenOnward takes the citizenship of Bunnell and Rago: Maine and Maryland. *See* ECF No. 1 ¶¶ 4-5. "Generally, the represented entity . . . is aligned as a defendant"; however, it may be aligned "as a plaintiff under certain circumstances."

_____

[15] *Gen Tech. Applications, Inc.* involved two Virginia state court suits--one of which was a derivative action--that were removed to federal court. 388 F.3d at 116-17. The plaintiff in the derivative action moved to remand that suit to state court; however, the district court did not rule on that motion and consolidated the two cases. *Id.* at 117-18. The district court then dismissed the derivative action on the merits. *Id.* at 118. The Fourth Circuit Court of Appeals noted that diversity jurisdiction must be "judged by the real parties in interest"; because the legal rights being asserted belonged to the LLC, it was a real party in interest. *Id.* at 121 n.3 (*citing Ross*, 396 U.S. at 538). The Fourth Circuit remanded the suit with instructions to remand to state court. *Id.* at 122.

*Gen. Tech. Applications, Inc.*, 388 F.3d at 120 (*citing Smith v. Sperling*, 354 U.S. 91 (1957)).  Although the complaint does not indicate whether OpenOnward is aligned as a plaintiff or a defendant, OpenOnward has been named as a party. *See* ECF No. 1 ¶ 6.  If OpenOnward is aligned as a plaintiff, it shares common citizenship (Maryland) with Rago; if it is aligned as a defendant, it shares common citizenship (Maine) with Bunnell. "In either case diversity jurisdiction does not exist." *Gen. Tech. Applications, Inc.*, 388 F.3d at 120 (regardless of how an LLC was aligned, the district court lacked subject matter jurisdiction over derivative action brought on behalf of the LLC by one of its members against another member).[16]  Accordingly, removal was improper.

---

[16] *See also R. Power Biofuels LLC v. Agri Beef Co.*, No. 1:14-CV-00390-BLW, 2015 WL 128103, at *3-4 (D. Idaho Jan. 8, 2015) (dismissing derivative claims brought on behalf of an LLC when the LLC shared its citizenship with opposing parties)(*citing Gen. Tech. Applications, Inc.*); *Racetime Investments, LLC*, 2013 WL 987834, at *3 (remanding same). *Cf. Bartfield v. Murphy*, 578 F. Supp. 2d 638, 650 (S.D.N.Y. 2008) (dismissing derivative claims brought on behalf of an LLC, who had not been named in the complaint, because the LLC was a necessary and indispensable party whose joinder would destroy diversity).

II.   Conclusion

For the reasons stated above, the Court lacks subject matter jurisdiction, and will remand the suit to the Circuit Court for Baltimore City.


_____3/4/15_____
Date

_____
William D. Quarles, Jr.
United States District Judge